UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE GARCIA, individually and on behalf of others similarly situated,<br><br>         Plaintiff,<br><br>  -against-<br><br>NEW YORK BUILDERS OF STAIRS INC. and EDWARD BARAN,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff JOSE GARCIA individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants NEW YORK BUILDERS OF STAIRS INC. (the "Corporate Defendant") and EDWARD BARAN ("Baran" or the "Individual Defendant") (the Corporate Defendant and Individual Defendant are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 54-05 Grand Avenue, Maspeth, New York 11378.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8. Plaintiff used tools and materials, such as hammers, drills, rulers, chisels, and scissors as part of his job duties that, upon information and belief, travelled through interstate commerce.

9. Upon information and belief, the Individual Defendant resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendant.

10. Defendants are a stair building and repair company servicing New York City and its environs that manufactures and installs custom wood stairs and railings.

11. Upon information and belief, the Individual Defendant is a principal and officer of the Corporate Defendant.

12. Upon information and belief, Mr. Baran is the Chief Executive Officer of the Corporate Defendant.

13. Mr. Baran manages Defendants' employees, and hires and fires them, sets their rate and method of pay, determines their work schedule, and upon information and belief maintains employment records.

14. Mr. Baran hired Plaintiff, set his rate of pay, set his schedule, including his hours and place of work, and maintained business records.

15. The Individual Defendant possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

16. Plaintiff has been employed by Defendants to work as a laborer within the last six (6) years.

17. The Individual Defendant is engaged in business in the City of New York, County of Queens. He is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

18. The Individual Defendant exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

19. The Individual Defendant, as one of the ten largest shareholders of the Corporate Defendant, is individually responsible for unpaid wages under the New York Business Corporation Law.

20. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

21. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.* on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

   ii. Defendants' failure to pay Plaintiff timely for all his work in violation of NYLL § 191;

   iii. Defendants' unlawful deduction from Plaintiff's pay in violation of NYLL § 193; and

   iv. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

22. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

23. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

#### A. Plaintiff's Schedule and Pay.

24. Plaintiff worked for Defendants as a laborer and driver from 2006 until October 21, 2018.

25. Throughout Plaintiff's employment, Plaintiff worked Monday through Saturday.

26. Plaintiff began work on Monday through Friday at approximately 7:30 a.m., where he picked up the company van and loaded materials at the Corporate Defendant's shop. He generally worked until approximately 5:00 p.m. after which he drove the workers in the van back to the company shop. He would usually return to the company shop between 5:30 p.m. and 7:00 p.m. depending on how far away the job site was from the shop.

27. Plaintiff also worked on Saturdays from 7:00 a.m. to 1:00 p.m. or 2:00 p.m.

28. Plaintiff also worked one Sunday in 2014 and 2015.

29. During Plaintiff's employment, Defendants paid Plaintiff for a maximum of 40 hours via check and the remainder in cash.

30. However, Defendants did not pay Plaintiff for the time he spent driving employees back to the company shop.

31. From 2013 until 2017, Defendants paid Plaintiff $16.00 an hour and raised his hourly rate at the beginning of 2017 to $16.50, at which it remained until the end of his employment.

32. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

### B. **Additional Wage Violations Affecting Plaintiff.**

#### 1. Notice and Recordkeeping Violations.

33. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

34. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

35. Defendants also did not provide Plaintiff with a paystub specifying each of the regular and overtime hours he worked and containing all the other information required under NYLL § 195.

36. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

#### 2. Violations Resulting From Defendants' Bounced Checks.

37. Defendants unlawfully deducted from Plaintiff's pay by causing Plaintiff to incur a bounced check fee.

38. On no fewer than 10 occasions, the paycheck that Defendants provided to Plaintiff bounced, and Plaintiff incurred a bounced check fee. Defendants did not reimburse him for the fee.

39. Further, Although Defendants ultimately reissued a check to Plaintiff that did not bounce, they often did so as late as a month after Plaintiff's work. These payments were untimely.

## II. Collective Action Allegations.

40. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

41. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

42. Upon information and belief, there are at least 40 laborers and other employees performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

43. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage and overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

44. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

45. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as laborers on or after the date that is six (6) years before the filing of the instant Complaint.

46. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

47. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

48. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

49. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

50. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

51. Plaintiff brings the second through fifth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

54. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

55. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

58. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others

similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

59. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Failure to Notify)

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

62. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

63. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or compliant paystub in accordance with §195 of the NYLL.

64. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment

10

interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (NYLL Unlawful Deductions)

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. Pursuant to NYLL §193, it was unlawful for Defendants to deduct from Plaintiff and other similarly situated employees' wages unless the deductions were for their benefit and was authorized in writing by Plaintiff and other similarly situated employees.

67. Defendants caused Plaintiff to incur a fee by providing him with a check that was drawn from an account with insufficient funds.

68. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damage and seek recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Timely Pay Wages)

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. NYLL § 191 requires that an employer timely pay an employee for the work he performed.

71. Under NYLL § 191, an employer must pay manual laborers within 7 days of their employment.

72. On multiple occasions, Defendants provided checks that bounced and did not reissue proper checks until many weeks after Plaintiff and other similarly situated employees performed their work.

73. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: July 6, 2020
      New York, New York

Respectfully submitted,

_____
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
*ATTORNEYS FOR PLAINTIFF*