F I S H E R   |   T A U B E N F E L D   L L P

225 Broadway, Suite 1700<br>
New York, New York 10007<br>
<strong>Main</strong> 212.571.0700<br>
<strong>Fax</strong> 212.505.2001<br>
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

December 12, 2022

**VIA ECF**
Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Garcia v. New York Builder of Stairs Inc. et al.
    Case No.: 20-CV-2993 (EK) (PK)

Dear Judge Kuo:

  We represent Plaintiff in the above-referenced matter. We write to request that the Court approve the parties' settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). Attached is the parties' settlement agreement (**Exhibit 1**).

  **1. Background to the Settlement.**

  During the period of this lawsuit, New York Builder of Stairs Inc. owned and operated a stair fabrication and installation business in New York. Defendant Baran was the Chief Operating Officer and an owner of the Corporate Defendant. Mr. Garcia began his employment with Defendants in 2006 as a manual laborer and driver. Initially Defendants paid Mr. Garcia $15.00 per hour but his pay was later increased to $16.50 per hour. Mr. Garcia generally worked 50.5 hours a week except in the summer when he worked only 41.5 hours. Nevertheless, Defendants allegedly only paid Mr. Garcia for 40 hours by check and the overtime hours at straight time rate by cash. Defendants also allegedly failed to provide Mr. Garcia with paystubs that accurately recorded the regular and overtime hours he worked.

  Based on Mr. Garcia's recollection, he is allegedly owed $37,940.32 in damages, exclusive of costs, attorneys' fees, and interest. Of the $37,940.32, Mr. Garcia is allegedly owed $16,470.16 in overtime damages, $16,470.16 in liquidated damages, and $5,000 for Defendants not receiving proper paystubs.

  After Mr. Garcia filed this suit, Defendants defaulted, and Mr. Garcia filed a motion for a default judgment. Subsequently, Mr. Garcia passed away, and the Surrogate's Court

appointed Leida Villao as administratrix of Mr. Garcia's estate, and Ms. Villao was substituted as Plaintiff in this action.

With Ms. Villao as the Plaintiff, the parties began negotiations, and Defendants asserted based on their records that Mr. Garcia was owed no more than $7,706.50 in unpaid overtime. Further, Defendants alleged that the business had shut down and was in the process of a hotly-contested dissolution battle between Defendant Baran and his former partner, and therefore Defendants had very limited income. The parties ultimately reached an agreement whereby Defendants agreed to pay $18,750 over 11 equal installments, which begin to accrue on November 30, 2022 and begin to get paid out after Court approval of the settlement and the Surrogate's Court decree permitting the compromise. Further, as part of the agreement, Defendants have agreed to sign confessions of judgment mandating that they pay 150% of the settlement amount should they breach the agreement. The agreement also provides that Plaintiff release any wage and hour claims and agrees to dismissal of this suit. Of the $18,750, Plaintiff will receive $11,516.00 and the attorneys will receive $5,761.33 in fees and $1,466 in costs.

### 2. The Settlement is Fair and Reasonable.

The settlement is fair and reasonable. In exchange for the $18,750 payment, Plaintiff agrees to a release of only wage-related claims. There is no confidentiality or nondisparagement provision or any provision prohibiting Plaintiff from reapplying for work with Defendants.

The amount and payout of the agreement is also fair and reasonable. Plaintiff will be receiving $11,516.00 of the settlement after fees and costs, which exceeds the $7,706.50 in overtime damages that Defendants' records reflect and is approximately 70% of Plaintiff's calculated overtime damages even based on his recollection. This amount is certainly reasonable given the context of Mr. Garcia's unfortunate passing. Plaintiff will be unable to recover more than what Defendants' records reflect because Mr. Garcia is no longer able to testify. Further, while the payment is paid out over 11 months, that is reasonable as well. Defendants have significant financial issues, which justifies a lengthy payment schedule. The payments began to accrue on November 30, 2022 and will be paid out once this Court approves this settlement, and the Surrogate's Court permits the compromise. Given this context, the payment terms are fair and reasonable.

The attorneys' fees are fair and reasonable as well. Counsel will be receiving $5,761.33 in fees, which is 33.3% of the total amount after deducting $1,466 in costs, which are (1) $400 in filing fees, (2) $150 in service costs, (3) $486 for translation costs for Plaintiff's default judgment motion, and (4) expended and anticipated Surrogate's Court fees, which my firm is advancing on Plaintiff's behalf. Courts in this Circuit regularly approve settlements of one-third or less. See, e.g., Ezpino v. CDL Underground Specialists, Inc., No. 14CV3173DRHSIL, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") Regarding calculating the lodestar, Plaintiff's lodestar is $7,787.50, which is less than what my firm is receiving under the agreement. I am requesting an hourly rate of $400. I am a partner at Fisher Taubenfeld LLP. I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law,

with a strong focus on wage-and-hour law. I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (JFB)(AKT) in which Judge Brown granted partial summary judgment for the class on liability and damages. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA. I have also been named a "Rising Star" by Super Lawyers and Fisher Taubenfeld LLP bills my work at $495 an hour to non-contingency based clients. Courts in this District have awarded hourly rates of $400 to experienced FLSA practioners. Tarazona v. Rotana Cafe & Rest. Inc., No. 16-CV-76 (PK), 2017 WL 2788787, at *2 (E.D.N.Y. June 27, 2017); Vargas v. Jet Peru-Courier Corp., No. 15-CV-6859 (RRM)(PK), 2018 WL 1545699, at *11 (E.D.N.Y. Mar. 14, 2018).

The other individual working on this case from my firm is Madeline Howard. Ms. Howard graduated from CUNY School of Law in summer 2022. She interned in the Labor Bureau of the New York Office of the Attorney General in 2021 and for the Member Legal Services program at AFSCME District Council 37 in 2022. She performed labor and employment-focused clinical work in the Workers' Rights clinic at CUNY Law for two semesters. Courts award $75 per hour for preadmission attorneys. Dacas v. Duhaney, No. 17CV3568EKSMG, 2020 WL 4587343, at *4 (E.D.N.Y. June 18, 2020), report and recommendation adopted, No. 17-CV-3568(EK)(SMG), 2020 WL 4586371 (E.D.N.Y. Aug. 10, 2020).

The hours expended are appropriate as well. My firm spent the following hours litigating this case, which are reflected in the timesheets attached as **Exhibit 2:**

| Name | Regular Hours | Regular Hourly Rate | Total |
| --- | --- | --- | --- |
| Michael Taubenfeld | 19 | $400.00 | $7,600 |
| Madeline Howard | 2.5 | $75.00 | $187.50 |
| Total | | | $7,787.50 |

The hours expended are appropriate as well. Plaintiffs' counsel spent 21.5 hours on this matter for a total of $7,787.50. My firm is only receiving, however, $5,761.33, which is a lodestar of .74%. See **Exhibit 2**. This work involved drafting the complaint and default judgment motion, appearing at a conference, amending the complaint, negotiating the settlement, communicating with Plaintiff, and drafting the settlement paperwork. My firm also spent time drafting the petition to appoint Ms. Villao as adminstratrix. In this case, the lodestar is higher than the fees my firm is receiving under the agreement, and there will be additional time that my firm

will spend obtaining approval of the settlement from the Surrogate's Court, which is necessary before the settlement can be distributed.  Fees are therefore reasonable.

Finally, costs are reasonable as well.  The costs are the filing and service costs, translation costs, and the Surrogate's Court costs.  Fees and costs are therefore warranted.

We greatly appreciate the Court's attention to this matter.

Very truly yours,<br>
--------------/s/------------<br>
Michael Taubenfeld

Encl.